■ Gary Jones, Respondent, v Stacey E. Budhwa et al., Appellants. [803 NYS2d 511]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered November 22, 2004, which granted plaintiff's motion for reargument, and, upon reargument, denied defendants' motion for summary judgment, unanimously affirmed, without costs.

Reargument was properly granted where the court acknowledged that it had misapprehended the medical documentation plaintiff submitted in opposition to the motion for summary judgment by defendants (CPLR 2221 [d] [2]).

Upon reargument, the court properly denied summary judgment dismissal of the complaint. The evaluation by plaintiff's treating physician was based on his own examination and objective medical evidence, including an MRI (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350-351 [2002]), and concluded that the injuries were both related to the accident and permanent. This evidence raises triable issues of fact as to whether plaintiff sustained "serious injury" within the meaning of Insurance Law § 5102 (d). There is sufficient explanation in the record for the alleged gap of 17 months between the discontinuance of plaintiff's treatment and his February 2004 examination (see Pommells v Perez, 4 NY3d 566, 577 [2005]; Brown v Achy, 9

AD3d 30, 33-34 [2004]). Concur—Buckley, P.J., Tom, Mazzarelli, Marlow and Catterson, JJ.